### THE MONTCLAIR.

#### HOBOKEN FERRY CO. v. EASTON & AMBOY R. CO.

(Circuit Court of Appeals, Second Circuit. March 5, 1895.)

#### No. 71.

COLLISION — FERRY BOAT WITH LIGHTER AT PIER — WEIGHT OF EVIDENCE ON APPEAL.

Appeal from the District Court of the United States for the Eastern District of New York.

This was a libel by the Easton & Amboy Railroad Company against the ferry boat Montclair (the Hoboken Ferry Company, claimants) to recover damages resulting from a collision. The district court rendered a decree for the libelant, and the claimant appealed.

Franklin A. Wilcox and George Bethune Adams, for appellant.
Henry W. Goodrich, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The Easton & Amboy Railroad Company, owner of the steam lighter Cement Rock, brought its libel against the ferry boat Montclair, owned by the Hoboken Ferry Company, and running from Hoboken to the foot of Barclay street, in New York, to recover damages sustained by the collision of the Montclair with said lighter at the outer end of pier 15, in the North river. From the decree of the circuit court in favor of the libelant, the claimant appealed to this court.

The collision happened about 3:30 p. m. on January 3, 1893, as the Montclair was making a trip from Hoboken to her New York ferry slip; the tide being strong ebb, and the wind blowing strongly from the northwest. The theory of the libelant is that the Cement Rock was lying at the outer end of pier 15, which is the pier just below the ferry rack of the Hoboken ferry, was securely fastened, and had commenced to unload her cargo, when the ferry boat, which was then below her slip, turned to go in, sagged, by the force of the tide, upon the lighter, and struck her a blow on the port side, about 15 feet from the stem; that the paddle wheel of the

ferry boat, which was still moving, ran up upon the deck of the lighter, and caused the injury, after which the ferry boat made her slip. The theory of the claimant is that for some time previous to the collision the Cement Rock had lain at the end of pier 15, with her stem projecting into and obstructing the ferry slip, and extending beyond the clump of piles which had been placed on the outer end of the rack, at the entrance into the slip; that she disregarded the Montclair's signals to her to move back, and, although due precautions were observed by the pilot of the ferry boat, her starboard side, in consequence of the tide and the counterset of the current along the shore at that point, came into contact with the stern of the Cement Rock.

The questions are entirely of fact. The leading and most important one is as to the position of the lighter. If her stem projected beyond the end of pier 15, and obstructed the entrance into the ferry slip, it is conceded that her position was not only dangerous, but one which she had no right to maintain, and that she must be regarded as the author of her injuries. Another question upon which the witnesses were at variance is as to the position of the Montclair immediately before the collision. Two of the libelant's witnesses say that she was below her slip, and was heading up the river, and was turning to go into the slip sidewise, whereas the Montclair's testimony is that she was going straight in, but that the tide was too strong, and carried her down a little lower than her pilot expected, but that she would simply have touched the rack if the Cement Rock had not been in the way. The libelant finds confirmation for its theory of the position of the Montclair just before the collision in the fact that the planks of the lighter were broken 21 or 22 feet from her stem by the paddle wheel of the ferry boat, and says that if she had been going straight in the breakage would not have extended back so far, because the lighter was only a few feet above the piles, upon the Montclair's testimony, whereas the place of the injury was the natural one, if the ferry boat was going in at an angle. On the other hand, the claimant insists that from the dimensions of the boats, the pier and the slips, and from the fact that the upper side of the slips is 100 feet shorter than the lower side, the ferry boat could not have collided, and inflicted the damage which existed, if the lighter had been moored below the slip. The district judge, after remarking upon the direct conflict in the oral testimony of witnesses equally competent and honest, came to the following conclusion:

"Considering the nature of the blow, the character of the injuries received by the Cement Rock from the contact of the ferry boat, together with the improbability that the Cement Rock would have moored in the position described by the witnesses for the claimant, it seems to me that the weight of the evidence goes to show that the collision was not caused by the fault of the Cement Rock, but was caused by negligence in the navigation of the ferry boat in not avoiding the Cement Rock."

We are led to concur with the district judge by the following considerations: Five of the claimants' witnesses substantially agree

that after the collision the bow of the lighter was below the clump of piles, and that she had changed her position about four feet, and had sagged down, because she was moved, or the lines had parted, while the testimony of the libelant strongly convinces us that her lines had not parted, and had not been changed. In addition, there is an obvious improbability that the Cement Rock selected a position which projected beyond the slip, and in which she was exposed to danger; and there is a probability, from the nature of the blow and of the injuries to the lighter, that she was struck by the Montclair when the latter was going into the slip at an angle from a point below the pier. If the weight of the circumstances in the case do not positively compel a concurrence with the district judge, it must at least be manifest that upon the sole questions in the case there is no such preponderance of evidence as should lead us to overrule his findings of fact. The decree of the district court is affirmed, with costs of this court.